UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | No. 08 CR 231-1 |
| | ) | |
| v. | ) | Judge Maria Valdez |
| | ) | |
| | ) | |
| SHAWNEE L. JOHNSON, | ) | |
| Defendant | ) | |

## SHAWNEE L. JOHNSON'S
## SENTENCING MEMORANDUM

Now comes the Defendant, Shawnee L. Johnson, by and through her attorney, Charles J. Aron, and files with this Honorable Court, the following Sentencing Memorandum.

### INTRODUCTION

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that Blakely v. Washington, 124 S. Ct. 2531(2004), applied to the federal sentencing guidelines, and that the Sixth Amendment's jury trial guarantee prevented judges from fact-finding that exposed a defendant to increased prison time. As a remedy, a different majority of the Court, excised the provision of The Sentencing Reform Act that made the guidelines mandatory, 18 U.S.C. § 3553(b).

The remedial majority held that the district courts must consider the guideline range, 18 U.S.C. § 3553(a), (4) and (5), but must also consider the other directives set forth in § 3553(a). Section 3553(a) requires courts to

*1*

"impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph 2."

As the Court later stated in <u>Gall v. United States</u>,  128 S. Ct. 586 (2007), citing <u>Rita v. United States</u>, 127 S. Ct. 2546 (2007), "The Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party."

Section 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2."

Section 3553(a)(2) states that such purposes are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs courts to consider, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available, the need to avoid unwanted sentencing

disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. In sum, in every case courts must now consider all of the § 3553 factors, not just the guideline.

The following discusses a number of factors which the Court should consider in rendering its sentence. These are highlights of facts contained in the Pre Sentence Report, in which Shawnee Johnson has found no substantive mistakes.

### SERIOUSNESS OF THE OFFENSE

As acknowledged, both in her plea agreement as well in her interview with the Probation Officer, Shawnee Johnson submitted 21 false claims to the Railroad Retirement Board, receiving $10,368 in benefits. She acknowledged the seriousness of this offense and acknowledged that she was not entitled to those funds.

### HISTORY AND CHARACTER

Shawnee Johnson's history and character weigh heavily in her favor. She is a 42 year old single parent of a 12 year old daughter. With the exception of the instant case, she has never been arrested for a criminal offense. She is presently enrolled as an apprentice electrician with the International Brotherhood of Electrical Workers (IBEW) and expects to complete the program and become a journeyman electrician in 2010.

## DETERRENCE AND PROTECTION
## OF PUBLIC FROM FURTHER CRIMES

Shawnee Johnson is not a danger to society. Her background demonstrates that her participation in this matter was aberrant behavior and it is highly unlikely she will do anything like this again. Her behavior was abnormal and, although possibly understandable due to her financial situation, was just plain wrong.

## GUIDELINE CALCULATIONS

**Advisory Guideline Calculation**

| | |
|---|---|
| Base Level | 6 |
| Loss amount | 4 |
| Acceptance of Responsibility | (2) |
| | |
| Net Offense Level | 8 |

## THE APPROPRIATENESS OF A SENTENCE OF PROBATION

Shawnee Johnson is an appropriate candidate for a sentence of probation. In addition to being authorized by the Sentencing Guidelines, her lack of criminal background, prompt acceptance of responsibility, and attempt to make a new life for herself in the IBEW apprentice program make Shawnee Johnson the type of person that Probation was designed to service. In rendering sentence in this matter, it is appropriate to look to the District Court's opinion in U.S. v. Gall, 747 F. Supp. 2d 758 (S.D. Iowa 2005).

In this matter, which eventually found its way to the United States Supreme Court and is cited earlier in this memorandum, the Court reminded the defendant (and others) that "probation is not an act of leniency. Probation is a substantial restriction of freedom, it is not forgiveness, and it is not an endorsement of the

offense. The Defendant will have to comply with strict reporting conditions along with a three-year regime of alcohol and drug testing. He will not be able to change or make decisions about significant circumstances in his life, such as where to live or work, which are prized liberty interests, without first seeking authorization from his Probation Officer or perhaps, even the Court. Of course, the defendant always faces the harsh consequences that await if he violates the conditions of his probationary term." 374 F. Supp. 2d at 763. (internal quotations and citation omitted)

The District Court also pointed out that, "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." 374 F. Supp. 2d at 763-74

## CONCLUSION

For all of the above stated reasons, it is the prayer of the Defendant, Shawnee Johnson, that this Honorable Court consider all of the factors of 18 USC 3553, and sentence the Defendant, Shawnee Johnson, to a period of probation with whatever terms this Honorable Court deems appropriate and just.

Respectfully Submitted,


___s/_____
CHARLES J. ARON
Attorney for SHAWNEE JOHNSON


5

Charles J. Aron
19 West Jackson Blvd.
Suite 212
Chicago, Illinois 60604
(312) 986-8012